UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

UNITED STATES OF AMERICA,  )
                           )
            Plaintiff,     )
                           )
       v.                  )        3:12-cr-025-RLY-WGH-07
                           )
RODERICK JACKSON,          )
                           )
            Defendant.     )


**ENTRY ON DEFENDANT'S MOTION TO STRIKE
SURPLUSAGE FROM INDICTMENT**

On August 30, 2012, the United States of America filed an indictment against

Roderick Jackson, alleging, *inter alia,* that Jackson knowingly conspired with others,

known and unknown to the Grand Jury, to possess with the intent to distribute and to

distribute 1,000 kilograms or more of marijuana.  21 U.S.C. § 841(a)(1), (b)(1)(A)(vii).

On December 10, 2012, Jackson filed a Motion to Strike paragraph 2 of the Manner and

Means alleged in Count I of the Government's indictment.  For the reasons explained

below, Jackson's motion is **GRANTED in part** and **DENIED in part**.

Jackson contends the language in paragraph 2 is unnecessary to any material

element of any offense alleged in Count I, and it is highly inflammatory and prejudicial.

(Defendant's Motion at 1).  Paragraph 2 reads as follows:

> Source individuals with whom [fellow co-defendants] were involved were
> members of or associated with the Gulf Cartel in Mexico.  The "Gulf
> Cartel," also known as the "Cartel Del Golfo," and the "C.D.G.," is an
> international criminal organization responsible for armed violent drug
> trafficking and other criminal activities in Mexico and the United States.

1

Criminal activities routinely engaged in by the "Gulf Cartel" include narcotics trafficking, kidnapping, murder, robbery, and extortion.

Indictment, Manner and Means ¶ 2. The court has the discretion to strike surplusage from the indictment if it finds the language to be immaterial, irrelevant, or prejudicial. FED. R. CRIM. P. 7(d); *United States v. Marshall*, 985 F.2d 901, 905 (7th Cir. 1993) (citation omitted). Because this standard is an exacting one for the court, each sentence of paragraph 2 must be examined for prejudicial surplusage. *See United States v. Chaverra-Cardona*, 667 F.Supp. 608, 611 (N.D. Ill. 1987).

After reviewing paragraph 2, the court finds that it must strike the words "armed violent" in the second sentence and the entire third sentence as surplusage. The words "armed violent" in the second sentence are not essential to the government's charge, and the court finds them likely to be inflammatory to the jury. Furthermore, the third sentence describes kidnapping, murder, robbery, and extortion — crimes not in the indictment. These references are likely to be prejudicial to Jackson, since they could cause jurors to judge the facts more harshly than if they were presented with an indictment strictly discussing the alleged marijuana conspiracy. It is also likely that the Government will still be able to prove the elements of Count I without these allegations, and the Government is therefore not prejudiced by striking the above language. *United States v. Peters,* 435 F.3d 746, 752 (7th Cir. 2006).

The remaining allegations in paragraph 2 are relevant generally to the overall conspiracy the Government hopes to properly prove at trial. (Plaintiff's Response at 2). Therefore, these allegations cannot be considered prejudicial surplusage. *See United*

*States v. Climatemp, Inc.,* 482 F.Supp. 376, 391 (N.D. Ill. 1979). Even assuming that the remaining language in paragraph 2 is inherently prejudicial, any potential prejudice may be ameliorated by instructing the jury that the indictment is not evidence. *Marshall*, 985 F.2d at 906; *Chaverra-Cardona*, 667 F.Supp. at 611. This instruction will ensure that the jury will determine the guilt or innocence of Jackson based on the evidence presented at trial and is more appropriate than striking additional information from the indictment. Id.

For the aforementioned reasons, Jackson's Motion to Strike (Docket # 174) is **GRANTED in part** and **DENIED in part**.

**SO ORDERED** this 25th day of March 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.